**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey (PA Bar No. 316689)
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7000
ebailey@gelaw.com

Olav A. Haazen (*pro hac vice forthcoming*)
Alice Y. Lee (*pro hac vice forthcoming*)
Islam E. Aly (*pro hac vice forthcoming*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8500
ohaazen@gelaw.com
acho@gelaw.com
ialy@gelaw.com

*Attorneys for the Applicants*

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re Application of RAIFFEISEN KAPITALANLAGE-GESELLSCHAFT MBH; NLB SKLADI UPRAVLJANJE PREMOŽENJA, D.O.O.; CAPFI DELEN ASSET MANAGEMENT NV; STICHTING PENSIOENFONDS CAMPINA; and AUSTRALIAN ETHICAL INVESTMENT LTD for an order pursuant to 28 U.S.C. § 1782 | Misc. Case No.: 2:26-cv-1676<br><br>**APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782** |

Applicants Raiffeisen Kapitalanlage-Gesellschaft mbH; NLB Skladi upravljanje premoženja, d.o.o.; Capfi Delen Asset Management N.V.; Stichting Pensioenfonds Campina; and Australian Ethical Investment Ltd. (the "Applicants") respectfully make this application for an order pursuant to 28 U.S.C. § 1782 authorizing the Applicants to serve subpoenas for deposition testimony and the production of documents on Philips RS North America LLC ("Respironics" or the "Respondent") for use in a foreign proceeding (the "Application"). This Application is supported by a Memorandum of Law, Declaration of Alice Y. Lee, Esq., dated August 3, 2026

1

("Lee Declaration"), and exhibits thereto, and Declaration of Michel Jacobs, Esq., dated August 10, 2026, and exhibits thereto, all filed concurrently herewith.  A proposed order is submitted herewith and the subpoenas with Schedules A are attached to the Lee Declaration as Exhibits H and I ("Subpoenas").

The Applicants seek discovery from Respironics for use in damages proceedings to be filed imminently, as soon as the requested discovery can be incorporated into the summons and complaint on behalf of Grant & Eisenhofer P.A.'s clients against Respironics' parent company, Koninklijke Philips N.V. ("Philips" or the "Company"), in a Dutch trial court of the first instance, the District Court of Amsterdam in the Netherlands (the "Dutch Action").  The Dutch Action is based on monetary losses suffered by institutional investors from around the world, including the Applicants, on their investments in Philips securities as a result of Philips' failure to make appropriate and timely disclosures concerning its unsafe respiratory products, the very substantial accompanying liability and recall risks, and the company's inflated stock price and subsequent decline after Philips' securities fraud was disclosed.  Consumers and users of the dangerous Philips devices were exposed to serious health risks, such as ingesting and/or inhaling carcinogenic particles, which led to a recall of millions of Philips' devices.  The Subpoenas seek discovery from Respironics for the relevant period from January 1, 2015, through April 10, 2024.  The requested discovery is directed to Respironics as the U.S. subsidiary wholly owned by Philips at the center of Philips' PE-PUR foam issue, including documents and corporate representative testimony concerning Respironics' corporate structure and relationship with Philips; roles and responsibilities of key U.S. employees; visits by Philips personnel to Respironics facilities; communications and document exchanges with Philips, Philips' Board of Management and Supervisory Board, and other key personnel; and reports, analyses, testing materials, Health

2

Hazard Evaluations, risk assessments, customer complaints, Project Uno materials, regulatory communications, recall or field-action materials, and the flow of information between Respironics and Philips.

Local counsel for the Applicants is now preparing the summons and complaint for the Dutch Action on behalf of the Applicants and other similarly situated institutional investors in Philips securities.  The discovery is highly relevant to proving Philips' knowledge and the timing and (in)adequacy of its public disclosures.  Philips has denied liability and has asserted, among other things, that the foam degradation issue was not reported to Philips before the end of 2020 and that Respironics maintained separate quality-management responsibilities. Discovery from Respironics is necessary to test those assertions and to obtain evidence that is likely outside the direct reach of the Dutch court.  The materials sought through this Application are especially crucial for the Applicants to plead and prove their claims in the Dutch Action because of particularly demanding pleading requirements imposed by Dutch law, including a "duty to substantiate" any allegations made in a plaintiff's initiating documents with factual evidence.  For this reason, Dutch law allows for and indeed welcomes pre-action discovery, whether obtained in the Netherlands or in the United States or elsewhere.

This Application fulfills the requirements of Section 1782.  Respironics resides or is found in the Western District of Pennsylvania at 1010 Murry Ridge Lane, Murrysville, Pennsylvania 15668.  Respironics is not a contemplated party to the Dutch Action, which places it beyond the reach of the Dutch court, whereas the Applicants *are* future claimants in the Dutch Action – and thus each an "interested person" for purposes of Section 1782 – and the discovery they seek is for use in the Dutch Action.  The Applicants are not using this Application to circumvent foreign proof-taking restrictions of Dutch courts nor other policies of the Netherlands or the United States,

3

and Dutch courts are known to be receptive to U.S. court assistance.  Finally, the discovery sought is highly relevant to the Dutch Action and is neither burdensome nor unduly intrusive.  *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 262-65 (2004).

Granting this Application would further Section 1782's twin statutory aims of providing an efficient means of assistance to participants in international litigation, like the Applicants, and encouraging foreign countries, like the Netherlands, to provide similar means of judicial assistance to U.S. courts and litigants.  *See In re Biomet Orthopaedics Switzerland GmbH,* 742 F. App'x 690, 696 (3d Cir. 2018).

WHEREFORE, following notice and an opportunity for Respironics to respond, the Applicants respectfully request that this Court enter an Order:

1. granting the Application for discovery and permitting the issuance of subpoenas substantially in the form of Exhibits H and I to the Lee Declaration submitted in support of the Application;

2. directing Respironics to give deposition testimony and produce documents in its possession, custody, or control, as requested in Schedules A of the Subpoenas; and

3. granting such other and further relief as the Court deems appropriate.

Dated:   August 10, 2026
         Wilmington, Delaware

Respectfully submitted,


By:  /s/ Elizabeth A. Bailey

**GRANT & EISENHOFER P.A.**
Elizabeth A. Bailey (PA Bar No. 316689)
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7000
ebailey@gelaw.com

4

Olav A. Haazen (*pro hac vice forthcoming*)
Alice Y. Lee (*pro hac vice forthcoming*)
Islam E. Aly (*pro hac vice forthcoming*)
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8500
ohaazen@gelaw.com
acho@gelaw.com
ialy@gelaw.com

*Attorneys for the Applicants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2026, a true and correct copy of the foregoing Application, together with the Memorandum of Law, supporting declarations and exhibits, proposed Subpoenas, and Proposed Order, was served by formal service via a process server upon counsel for the Respondent:

> Erik Koons, Esq.
> BAKER BOTTS LLP
> 700 K Street NW
> Washington, DC 20001
> Tel.: 202-639-7973
> Email: erik.koons@bakerbotts.com

By:    /s/ Elizabeth A. Bailey